Benjamin Gassman, J.
Bach of these defendants pleaded guilty to the crime of the unlawful possession of a narcotic drug under section 1751 of the Penal Law. The crime was committed by each of them after July 1, 1956. Pursuant to subdivision 4 of section 1751-a of the Penal Law, the District Attorney filed an information against each of these defendants charging each of them with a prior conviction of possession of a hypodermic syringe and a hypodermic needle. Bach of these defendants contends that the prior conviction of each being of the possession of a hypodermic syringe and needle and not of possession of a drug, they are not required to admit or deny the allegations in the information. It is the contention of each of the defendants that section 1751-a of the Penal Law (as amd. by L. 1956, ch. 528) applies only to cases where the prior conviction is one of the unlawful possession of drugs, and that it does not apply to a case where the prior conviction is of the possession of implements.
Chapter 528 of the Laws of 1956 became a law on April 11, 1956, and became effective on July 1, 1956. It provides, in substance, that a person who, after having been convicted within this State of a crime or of an attempt to commit a crime under section 1751 of the Penal Law or under any other law relating to narcotic drugs, or, under the laws of any other State, government or country of a crime under any law relating to narcotic drugs which, if committed within this State, would be a crime, commits a misdemeanor under section 1747-c or section 1751 or under any other law relating to narcotic drugs, within this State, shall be sentenced upon conviction of such second, or other multiple offense to imprisonment for an indeterminate term, the minimum of which shall be not less than six months and the maximum of which shall be not more than one year.
The foregoing provision, which is now subdivision 2 of section 1751-a of the Penal Law, therefore, covers cases of defendants who have been previously convicted of the crime of possession of drugs under section 1751 of the Penal Law. It does not deal with cases of defendants who have been previously convicted of unlawful possession of a hypodermic syringe, a hypodermic needle, or any other implements adapted for the administration of narcotic drugs under section 1747-d (formerly § 1747-c) of the Penal Law.
*574 If the foregoing provision were the only one contained in chapter 528 of the Laws of 1956, the question presented on this sentence would be a simple one. However, the Legislature, in that same chapter, enacted subdivision 4 of section 1751-a of the Penal Law, which provides as follows: “If at any time, either after sentence or conviction, it shall appear that a person convicted of a misdemeanor under section seventeen hundred forty-seven-c or section seventeen hundred fifty-one of this chapter, has previously been convicted of a crime relating to narcotic drugs or implements as set forth hereinabove in this section, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous conviction, whereupon the court in which such conviction was had shall cause the said person to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If such person states that he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and the court shall conduct a trial to inquire whether the offender is the same person mentioned in the records as set forth in the information. Such trial shall be conducted by the court without a jury. If the court finds that such person is the same person as disclosed to have been previously convicted of a crime relating to narcotics or if he acknowledges or confesses the same in open court, after being duly cautioned as to his rights, the court shall sentence him to the punishment prescribed herein, and shall vacate any previous sentence, deducting from the new sentence all time actually served on the sentences so vacated. ’ ’
Thus there appears to be a conflict between the provisions in subdivision 2 and those in subdivision 4 of section 1751-a of the Penal Law. Whereas subdivision 4 provides that a defendant previously convicted of possession of drugs or implements is subject to the mandatory indeterminate sentence, subdivision 2 provides that such prior conviction must have been one for unlawful possession of drugs and not of implements, before such indeterminate sentence is mandated. Under subdivision 2 a defendant is not a second offender if his previous conviction was based on a charge of unlawful possession of implements.
An examination of the language used in both of the above subdivisions indicates that subdivision 2 of section 1751-a defines the punishment to be meted out to a second or multiple offender, whereas subdivision 4 merely provides for the pro *575 cedure to be followed in order to bring such prior conviction to the attention of the sentencing court. Subdivision 4, which is procedural, must therefore be subordinated to subdivision 2, which is substantive. Any conflict between the provisions in the two subdivisions must therefore be resolved in favor of the adoption of the provisions in subdivision 2.
While it is true that the intent of the Legislature in enacting chapter 528 of the Laws of 1956 was to prescribe a longer sentence for a second offender narcotic user, unfortunately the Legislature omitted from subdivision 2 any defendant whose previous conviction was based on a violation of section 1747-d (formerly § 1747-c) of the Penal Law. It is true that in subdivision 2 of section 1751-a it is provided that a person who after having been convicted of a crime under section 1751 of the Penal Law, “ or under any other law relating to narcotic drugs,” subsequently commits a crime of possession of drugs or possession of hypodermic implements, shall receive a mandatory sentence, the words “ under any other law relating to narcotic drugs ” cannot be deemed to include a previous conviction for possession of a hypodermic implement. Where the Legislature intended that a particular section of the Penal Law should cover possession of hypodermic implements, it stated so. Thus, for example, section 1747-d is entitled: “ Sale and possession of hypodermic syringes and hypodermic needles; possession of certain other instruments ’ ’; whereas section 1751 is entitled: “ Violations of the public health law with respect to narcotic drugs The words, “ or under any other' law relating to narcotic drugs ” cannot therefore be deemed to cover possession of a hypodermic implement.
Although the Legislature, as stated before, intended to lengthen the sentence of a second offender narcotic user so as to assure his confinement for a period affording an opportunity for a cure, unfortunately, it has not expressed this intention in the language of chapter 528 of the Laws of 1956. This court cannot, under the guise of construing a statute, engage in judicial legislation. The error or oversight, if any, must be corrected by the Legislature itself.
It is, therefore, the conclusion of this court that before a defendant can be sentenced to the mandatory indeterminate sentence provided for in chapter 528 of the Laws of 1956 it must appear that the previous conviction was one for the unlawful possession of narcotic drugs. If such prior conviction is one for the unlawful possession of a hypodermic implement the said chapter does not apply.
*576 It appears, therefore, in the case now before the court that the prior convictions of each of these defendants were convictions under section 1747-c (presently § 1747-d) of the Penal Law and not any conviction under section 1751 of the Penal Law. I hold that the mandatory sentence under section 1751-a of the Penal Law does not apply.