Per Curiam.

Defendant pleaded guilty to unlawful possession of a hypodermic needle under section 1747-d of the Penal Law. He is arraigned now as a second narcotics offender under section 1751-a of the Penal Law based on his present plea and the allegation that in 1953 he was convicted of the unlawful possession of drugs. The question is whether section 1751-a of the Penal Law applies where the present misdemeanor is unlawful possession of a hypodermic needle under section 1747-d of the Penal Law. If section 1751-a of the Penal Law applies, the length of the sentence is an indeterminate one from six months to a year. If it does not apply, the sentence is definite in length and may vary from one day to one year. In either situation imposition of sentence may be suspended.
Section 1751-a of the Penal Law was extensively amended by chapter 528 of the Laws of 1956, which was passed March 20, 1956, and which became a law on April 11, 1956, to take effect July 1, 1956. It now provides that a person who has previously been convicted of possession of drugs and who then commits a misdemeanor under section 1747-c or 1751 of the Penal Law or under any other law relating to narcotic drugs shall be sentenced upon conviction of such second or subsequent offense to imprisonment for an indeterminate term, the minimum of which shall be six months and the maximum one year. It further provides in subdivision 4 thereof for the arraignment and trial of a defendant to determine whether or not he is in fact a second or multiple offender.
*64 Until April 15,1956, the unlawful possession of a hypodermic needle was made a misdemeanor by section 1747-c of the Penal Law. On that date chapter 644 of the Laws of 1956, which had been passed by the Legislature on March 21, 1956, became law, effective July 1, 1956. This act created a new section 1747-c of the Penal Law which made the unlicensed sale or possession of amphetamine or its derivatives unlawful. By the same act the section relating to possession of a hypodermic needle was renumbered from section 1747-c of the Penal Law to section 1747-d of the Penal Law.
We are urg'ed that since chapter 528 of the Laws of 1956, amending section 1751-a of the Penal Law was enacted and became law before chapter 644, we are bound to construe the former as of the date of its enactment. On that date section 1747-c of the Penal Law referred to hypodermic needles; therefore unlawful possession of such a needle must be regarded as a “second offense” for the purpose of imposing the mandatory indeterminate sentence. It is suggested that the failure to change the term “1747-c” to “1747-d” at the time of the enactment of chapter 644 of the Laws of 1956, was a mere oversight on the part of the Legislature.
We cannot with complete assurance say that the Legislature in enacting chapter 644 forgot that a day earlier it had enacted chapter 528. Both laws became effective the same day, July 1, 1956.
“As a general rule, an act speaks, not from the time when it was enacted or when the courts are called upon to interpret it, but as of the time it took effect.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 93.) Under this test we could not treat the wrongful possessor of a hypodermic needle as a second offender.
It is furthermore to be noted that hypodermic needles are not mentioned at all by name in section 1751-a of the Penal Law. They are not encompassed within the term “any other law relating to narcotic drugs” since not only are they not a “drug” but their sale without medical prescription is prohibited regardless of purpose or intended use in the narcotics field. (Penal Law, § 1747-d, subd. 1.)
The only verbal reference to implements used in the administration of drugs is found in subdivision 4 of section 1751-a where it deals with previous convictions of crimes “relating to narcotic drugs or implements”. Notwithstanding this reference it has been held by this court that the statute is not sufficiently clear to say that a defendant is a second offender if his sole previous conviction was for the unlawful possession of a hypodermic needle. *65 (.People v. Freeman, 4 Misc 2d 572.) This ease has been followed in other unreported decisions of this court. Accepting the Freeman decision as sound, we are now asked to interpret section 1751-a of the Penal Law so as to reach the anomalous result that if the previous offense was possession of a hypodermic needle and the present offense is possession of drugs, the defendant is a first offender, but, if the sequence of the offenses is reversed, we must treat the defendant as a second offender. Such a result offends both logic and conscience.
The Legislature is deeply concerned with stamping out drug addiction. While we fully share this concern, we cannot ourselves engage in legislation under the guise of judicial “interpretation”. We are powerless to change the wording of a statute, and, if there be a doubt in its present wording, that doubt must be resolved in favor of the defendant. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 271, 363, 364.)
If there has been an oversight, the Legislature will, within a matter of weeks, have the opportunity to correct it. Meanwhile this court will sentence the defendant here to a determinate rather than an indeterminate term.
Byrne, Ringed and Rossbach, JJ., concur.